**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                   **CIVIL ACTION**

**VERSUS**                                      **NO. 17-04063**

**ROBERT JOHNSON**                              **SECTION "B"**

<u>**ORDER AND REASONS**</u>

Before the Court is Petitioner Robert Johnson's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" (Rec. Doc. 527), Petitioner's "Memorandum of law in Support of his Petition for Writ of Habeas Corpus" (Rec. Doc. 528), and the Government's "Response to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255" (Rec. Doc. 535). For the reasons discussed below,

**IT IS ORDERED** that the Motion to Correct Sentence (Rec. Doc. 527) is **DENIED as repetitive and frivolous**.

**FACTS AND PROCEDURAL HISTORY**

In July 2014, Robert Johnson ("Petitioner") plead guilty to two counts of a twenty-five count superseding indictment. Rec. Doc. 412. In Count 1 he was charged with conspiracy to distribute and possession with intent to distribute one kilogram or more of heroin and 28 grams or more of cocaine base. Count 2 charged Petitioner with conspiracy to possess firearms in furtherance of drug trafficking crimes. *Id*. He was sentenced on May 11, 2015, to

1

480 months and 240 months for Counts 1 and 2, respectively; and to run concurrent with one another. *Id*. Petitioner timely filed an appeal, and in April 2016 that appeal was dismissed by the Fifth Circuit. *United States v. Johnson*, 646 F. App'x 372 (5th Cir. 2016). In that direct appeal, Petitioner's appellate counsel filed briefing pursuant to *Anders v. California*[1], stating there were "no meritorious or non-frivolous" basis for challenging Petitioner's guilty plea or sentence. 2015 WL 7252850 (C.A.5). Petitioner filed *pro se* a response to the *Anders* brief with the Circuit arguing the same issues as presented in this § 2255 petition. *See U.S. v. Johnson*, Case No. 15-30447, Doc. No. 00513355388, p.5 (C.A.5).

**LAW AND ANALYSIS**

Petitioner argues for a reduction in his sentence based on ineffective assistance of counsel, and he provides evidence that is substantially identical to the allegations raised in his direct appeal. In *United States v. Troutman*, petitioner's § 2255 petition alleged that his sentence was improperly enhanced under § 924(e)(1), because his conviction for being a felon in possession of a firearm was not a "crime of violence." However, the Fifth Circuit disposed of the claim, stating:

> [I]ssues raised and disposed of in a previous appeal from an original judgment of conviction are not

---
[1] 386 U.S. 738 (1967).

> considered in § 2255 Motions. *United States v. Kalish,* 780 F.2d 506, 508 (5th Cir.), *cert. denied,* 476 U.S. 1118 (1986). Our prior finding in Troutman's **direct appeal** constitutes the "law of the case" and **forecloses** Troutman's current challenge based on the same claim.

*United States v. Troutman*, 16 F.3d 1215 (5th Cir. 1994) (citing *United States v. McCollom,* 664 F.2d 56, 59 (5th Cir.1981)(emphasis added).

Similarly, in *United States v. Goudeau*, petitioner Goudeau alleged that his attorneys misinformed him that his sentencing would only be based on one-quarter, 37.75 kilograms, of the 151 kilograms of cocaine he admitted to distributing. 512 F. App'x 390, 393 (5th Cir. 2013). Goudeau alleged that had counsel not so misinformed him he would not have pleaded guilty. *Id*. The Fifth Circuit held that the above-mentioned issue on which it granted the appeal was substantially the same one that Goudeau raised in his direct appeal. Accordingly, the Fifth Circuit found that it could not hold Goudeau's appeal waiver inoperative unless it was presented with different evidence, a change in the law since its earlier decision, or a finding that the earlier decision was "clearly erroneous and would work a manifest injustice." *Id*.

Here, the Fifth Circuit has already considered and disposed of Petitioner's claim for ineffective assistance of counsel relative to his plea agreement and sentence. Upon review, Petitioner's claim is substantially similar to his claims on direct appeal. As a result, the Fifth Circuit's finding that Petitioner's

allegations of ineffective assistance of counsel during plea negotiations and sentencing are frivolous and non-meritorious, is law of the case. Absent a presentation of new evidence, a change in law, or a finding that the decisions here are clearly erroneous—none of which are present—we decline to issue an alternate finding on the same issue.

New Orleans, Louisiana, this 26th day of September, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE